## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

ALICE WRIGHT,

        Plaintiff,

v.

DST SYSTEMS, INC.,

        Defendant.

Case No.:_____

## MOTION TO CONFIRM ARBITRATION AWARD
## AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff Alice Wright, pursuant to 9 U.S.C. §§6 and 9, respectfully requests an Order (1) confirming the Award of the Arbitrator in the arbitration between Plaintiff Alice Wright and Defendant DST Systems, Inc. ("DST"), and (2) directing that judgment be entered in its favor in the amount of $111,347.58.

## PARTIES

1.      Alice Wright was, at all times pertinent hereto, a participant, as defined by 29 U.S.C. § 1002(7), in the DST Systems, Inc., 401(k) Profit Sharing Plan (the "Plan") and a party to the DST Arbitration Program Agreement and a resident of Kansas.

2.      DST is a corporation organized and existing under the laws of the Stated of Delaware with its principal please of business in Kansas City, Missouri. DST was, at all times pertinent hereto, the sponsor and administrator of the Plan and a designated fiduciary of the Plan under 29 U.S.C. §§ 1002, 1102. DST was also, at all times pertinent hereto, a party to the DST Arbitration Program Agreement.

## JURISDICTION AND VENUE

3.      The amount in controversy exceeds $75,000 exclusive of interest and costs.

4.        Jurisdiction is proper pursuant to 9 U.S.C. §9 and 28 U.S.C. §1332(a)(2).

5.        Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## BACKGROUND

6.        This is an action to confirm an arbitration Award and for entry of judgment pursuant to the Federal Arbitration Act, 9 U.S.C. §1, et seq. The arbitration and Award in this case arise from an Arbitration Program Agreement (the "Agreement") that was declared valid and enforceable by this Court in the matter captioned *DuCharme v. DST Systems, Inc.*, 4:17-CV-00022-BCW. A true and correct copy of the Agreement is attached as **Exhibit A** hereto.

7.        The parties' dispute arises from DST's failure to monitor and ensure the rebalancing of overly concentrated investments in the profit-sharing portion of the Plan. *See e.g., DuCharme v. DST Systems, Inc.*, 4:17-CV-00022-BCW, Amended Complaint dated February 8, 2017, ECF No. 22; *Ostrander et al., v. DST Systems, Inc.,* 4:20-CV-00973-BCW, Petition dated December 10, 2020, ECF No. 1-1.

8.        Pursuant to the valid and enforceable Agreement and guided by this Court's decision in *DuCharme v. DST Systems, Inc.*, No. 4:17-cv-22-BCW, 2017 WL 7795123 (W.D. Mo. June 23, 2017) (order granting motion to compel arbitration), the parties' dispute was submitted to the American Arbitration Association and assigned AAA Number 01-19-0001-9073. Attached hereto as **Exhibit B** is a true and correct copy of the Arbitrator's appointment.

9.        An arbitration hearing was held on September 28 – October 2, 2020. On November 24, 2020, the Arbitrator issued an Award (attached hereto as **Exhibit C**) and a Ruling on Claimant's Application for Attorney's Fees and Costs (attached hereto as **Exhibit D**). The Arbitrator found that "the preponderance of the evidence supports the claims asserted by [Alice

Wright] and that [Alice Wright] is entitled to reasonable attorney's fees and costs" described therein.

10.     The Arbitrator awarded Alice Wright $7,156.84, and awarded $98,871.04 in attorneys' fees and $5,319.70 is costs, for a total award of $111,347.58.

11.     The Agreement states that DST "may serve written notice of an Arbitration Appeal: (1) within 60 days after the Arbitration decision if no reconsideration or other motion is filed within 30 days after the Arbitration decision; or (2) if a reconsideration or other motion is filed within 30 days after the Arbitration decision, then within 30 days after a decision by the Arbitrator on the reconsideration motion or other motion." *See* Agreement (Ex. A) at p. 2.

12.     No motion for reconsideration was filed and no timely notice of appeal was filed within 60 days of the decision.

13.     The Agreement states that, "after the conclusion of the arbitration process, … DST or the Associate may file a legal action within 30 days to enforce, vacate, modify, and/or appeal the final decision and award...in the federal district court with jurisdiction over the county in which the hearing was held.

14.     The hearing was held virtually in Jackson County, Missouri.

## ARGUMENT

15.     "The FAA embodies a national policy favoring arbitration; contains a narrow set of statutory grounds to vacate, modify, or correct an award; and supplies enforcement mechanisms for these types of actions." *Plocher Construction Co., Inc. v. Overseas Lease Group, Inc*., No. 4:17-MC-156 JAR, 2017 WL 2213739, *1 (E.D. Mo. May 19, 2017) (citation omitted). Proceedings to confirm an arbitration award are summary in nature, *id*., and confirmation is mandatory in the absence of certain limited exceptions. "Section 9 of the FAA provides that federal

courts 'must grant' an order confirming an arbitration award 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA].'" *UHC Mgmt. Co., Inc. v. Computer Sciences Corp.*, 148 F.3d 992, 997 (8th Cir. 1998) (emphasis added). "Congress did not authorize de novo review of such an award on its merits; it commanded that when the exceptions do not apply, a federal court has no choice but to confirm." *Id*. (emphasis added). The standard for reviewing an arbitration decision is "one of the narrowest standards of judicial review in all of American jurisprudence." *UMass Memorial Medical Center, Inc. v. United Food & Commercial Workers Union,* 527 F.3d 1, 4 (1st Cir.2008).

16.     In reviewing arbitration awards, courts are "limited to determining whether the arbitrators did the job they were told to do, not whether they did it well, or correctly, or reasonably[.]" Id. (internal quotations and citation omitted).

17.     No party to the arbitration alleged that the award was procured through fraud corruption or undue means. No party alleged that there was evidence of partiality or corruption in the arbitrator and all parties were permitted the opportunity to object to arbitrator. All parties were afforded the opportunity to present their evidence in briefing and at a hearing.  In short, Defendant can offer no legitimate basis to delay the confirmation of this final award.

18.     The Arbitrator did his job here. The parties stipulated to a "simple award" requiring that the arbitration state only whether Alice Wright was entitled to damages, costs and/or attorneys' fees and, if so, the amount of damages, costs and/or attorneys' fees. The Arbitrator did exactly as required. He found that Alice Wright was entitled to damages costs and attorneys' fees and identified the amounts in his award.

19.     Plaintiff makes a continuing request for attorney's fees and costs incurred in this matter in accordance with 29 U.S.C. 1132(g) and for such other relief as the Court deems just and proper.

### CONCLUSION

For the foregoing reasons, Plaintiff Alice Wright moves for an Order (1) confirming the Arbitration Award and (2) entering judgment in her favor in the amount of $111,347.58, together with post-judgment interest and attorneys' fees.

Respectfully submitted,

THE KLAMANN LAW FIRM

BY: /s/ *Andrew Schermerhorn*
John M. Klamann  MO 29335
Andrew Schermerhorn  MO 62101
4435 Main Street, Suite 150
Kansas City, MO 64111
Telephone: (816) 421-2626
Facsimile:  (816) 421-8686
jklamann@klamannlaw.com
ajs@klamannlaw.com

KAPKE & WILLERTH
Ted Kapke MO 52114
Mike Fleming MO 53970
3304 N.E. Ralph Powell Road
Lee's Summit, MO 64064
Telephone: (816) 461-3800
Facsimile:  (816) 254-8014
ted@kapkewillerth.com
mike@kapkewillerth.com

WHITE, GRAHAM, BUCKLEY & CARR
William Carr   MO 40091
Bryan T. White MO 58805
19049 East Valley View Parkway
Independence, Missouri 64055
(816) 373-9080 Fax: (816) 373-9319

bwhite@wagblaw.com

HUMPHREY, FARRINGTON &
McCLAIN
Kenneth B. McClain   MO 32430
221 West Lexington, Suite 400,
P.O. Box 900
Independence, Missouri 64051
Telephone: (816) 836-5050
Facsimile:  (816) 836-8966
kbm@hfmlegal.com