# AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| ALICE WRIGHT,<br><br>    Claimant,<br><br>v.<br><br>DST SYSTEMS, INC.,<br><br>    Respondent. | CASE NO. 01-19-0001-9073<br><br>**RULING ON CLAIMANT'S APPLICATION FOR ATTORNEY'S FEES AND COSTS** |

    Claimant has applied for an award of attorney's fees and costs. Respondent has opposed the application. I have read and considered the submissions. Having determined that claimant is the prevailing party, I make the following ruling on claimant's application.

    Claimant and respondent commenced this arbitration by filing a joint submission on May 20, 2019. The submission included a statement of various claims for breach of duties imposed by the Employee Retirement Income Security Act of 1974. The evidentiary hearing of claimant's case and six others were conducted concurrently over five days. The parties presented extensive documentary evidence, testimony by percipient and expert witnesses, and post hearing briefs.

    I have issued a damage award in favor of claimant based on my finding that respondent breached its duties to act prudently, to ensure appropriate diversification of the assets of the profit-sharing plan, and to monitor the investment manager of the assets. Claimant presented clear and convincing proof of her claims. Thus, I find it appropriate to award attorney's fees and costs to claimant under 29 U.S.C. § 1132 (g)(1) which states "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

1

According to the evidence submitted with her application, claimant retained her attorneys on July 28, 2018. Her attorneys also represent 495 other participants in the DST 401(k) Profit Sharing Plan who have asserted similar individual arbitration demands.

Claimant seeks an award of attorney's fees of $52,695.50 for the services specific to claimant, $76,704.60 for a share of the services provided for the benefit all the claimants her attorneys represent, $19,827.79 for out-of-pocket expenses, and $5,319.70 for costs. Respondent asserts the fees are unreasonable and the maximum fee award should be 40% of the damages awarded to claimant because that is what her fee agreement provides.

Claimant's application for $52,695.50 for the legal services specific to her is based on the lodestar method. Respondent recognizes that the lodestar method is valid but asserts it is inappropriate here because claimant entered a 40% contingency fee agreement with her attorneys and an award using this formula is consistent with the percentage of the benefit method also approved by courts in the Eighth Circuit. I disagree.

Respondent's primary argument for limiting fees to 40% of the award is that claimant's counsel argued for the percentage of the benefit approach in other arbitrations and court cases involving respondent and it is the fee specified in her agreement with her attorneys. As respondent recognizes in its opposition, both the percentage of the benefit approach and the lodestar method are proper under the law and I do not find the basis for fee applications in other cases to be relevant here. Respondent has not presented any facts or law demonstrating that fee applications by other claimants constitute a waiver, estoppel, or other bar to prevent claimant or her lawyers from seeking a fee based on the lodestar method and I decline to make such a finding. Respondent also has not cited any authorities or persuasive reasons to support its contention that the fee award must comport with claimant's contingency fee agreement with her

lawyers. I find that a percentage of the benefit approach would yield an unreasonable and inadequate fee due to the nature of the case and the work required to prosecute it.

Claimant has provided a 7-page document that itemizes the legal services performed that were specific to her case and affidavits supporting the hourly rates for the attorneys performing the services. I find the description of services and time entries are adequate and the hourly rates are reasonable. Therefore, using the lodestar method, I conclude that $52,695.50 is a reasonable fee for the legal services specific to claimant's case.

In addition to the attorney time specific to claimant, claimant's counsel state they spent a total of 10,667.16 hours on work that benefitted all the arbitration claimants they represent, which yields a lodestar of $7,670,460. Claimant seeks a fee award equal to 1% of this amount based on her contention that she benefitted from this work.

To support the lodestar calculation, claimant has provided a 192-page document that itemizes the 10,667.16 hours. I have reviewed each billing entry in the document and find numerous problems that prevent a finding that the lodestar and the 1% request are reasonable. Among the problems are the following:

- The billing entries of many timekeepers describe services performed before claimant retained her attorneys in July 2018. Some of those entries are in 2016 and 2017. Claimant has not shown or described how those services benefitted her case.

- The billing entries of many timekeepers describe services related to litigation or matters seemingly unrelated to claimant and which do not appear to have conferred a benefit related to her claims against respondent. Examples include

but are not limited to entries about services that appear related to litigation with Ruane and the settlement with Ruane, conferences with other claimants. class certification motions, and other court proceedings. Claimant has not shown how the many entries like these reflect services that benefitted her case or would have been required on her case alone.

- There are scores of vague entries from which it is impossible to discern a direct benefit to claimant's case. Some of many examples: "Research; review and research motions; telephone conference with team;" "Review case materials; telephone conferences; prepare distribution materials;" "Conduct case management."

- There are scores of entries that appear duplicative or redundant and numerous entries with identical vague descriptions and amounts of time.

These and other billing inadequacies make it impossible to evaluate how many of the 10,667.16 hours and associated charges were necessary and reasonable and the extent to which they benefitted claimant's case and to find 1% or any other percentage would be reasonable and appropriate to award claimant.

However, I believe it is logical to find that some of the services must have benefited claimant's case, for example work related to fact investigation and legal analysis, discovery, document review, experts, hearing preparation and briefing. The evidence presented at the evidentiary hearing bears this out because identical documents, witnesses and legal arguments were presented in the concurrent hearings and apparently in earlier concurrent hearings of other claimants. Fairness requires that this be recognized in the fee award. While I am unable to find that a specific percentage of the group hours is a reasonable amount of time to award in this case,

4

I do believe adding 50% of the $52,695.50 fee for the legal services specific to claimant is fair and reasonable taking into account all the circumstances. Therefore, I will add $26,347.75 to the fee award.

Claimant requests that the fee award include $19,827.79 of reasonable out-of-pocket expenses. Claimant's fee application states that most of these are "common expenses incurred on behalf of all Plaintiffs" and that "In the event any of these common expenses are awarded on more than one Fee Application, a deduction will be applied to offset." Respondent does not dispute that a fee award may include reasonable out-of-pocket expenses and does not challenge the reasonableness of claimant's request. The expenses are allowed, making the total fee award $98,871.04.[1]

Claimant seeks an award of $5,319.70 for costs. Respondent does not challenge the reasonableness of claimant's request. The costs are allowed.

For the reasons set forth above, claimant is awarded attorney's fees of $98,871.04 and costs of $5,319.70.

Date: November 24, 2020

David G. Freedman
Arbitrator

---

[1] $52,695.50 + $26,347.75 + $19,827.79 = $98,871.04