THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

ALICE WRIGHT

      *Plaintiff*,

vs.

DST SYSTEMS, INC.,

      *Defendant.*

Case No. 4:21-00064-MC-W-HFS

**DEFENDANT DST SYSTEMS, INC.'S SUGGESTIONS IN SUPPORT OF
ITS MOTION TO DISMISS AND IN OPPOSITION TO
<u>PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD</u>**

DST Systems, Inc. ("DST") respectfully submits these suggestions in support of its motion to dismiss and in opposition to plaintiff Alice Wright's ("Plaintiff") motion to confirm her arbitration award (the "Motion").

**PRELIMINARY STATEMENT**

Plaintiff baselessly seeks to interrupt an ongoing arbitration proceeding before the American Arbitration Association (the "AAA") by moving for confirmation of an award that is undergoing appellate review before the AAA and that, under the express terms of the parties' arbitration agreement (the "Arbitration Agreement"), does not become final or eligible for confirmation until the completion of that AAA appellate process. Indeed, Plaintiff failed to even disclose to this Court that, before her Motion was filed, DST had appealed the award that Plaintiff seeks to confirm. The AAA currently is in the process of administering the selection of arbitrators to hear an appeal, and has confirmed that it intends to proceed with the arbitration appeal process. As a result, the arbitration has not concluded and the award cannot be confirmed.

The AAA issued the award by email on December 2, 2020. No party received the award prior to that date. The Arbitration Agreement specifically provides that any award is subject to appellate review before an AAA arbitrator. DST noticed its appeal on January 29, 2021—within sixty days of the dissemination of the award, as provided in the Arbitration Agreement. (Ex. A.) While Plaintiff may argue that the notice of appeal was somehow untimely because the award indicates that it was *signed* on November 24, 2020 and the time to appeal should have run from that date (more than a week before the award was issued and any party received it), that position is frivolous, contrary to the AAA rules, and, in any event, a matter for an arbitrator to resolve. Indeed, Plaintiff asserted to the AAA that no appeal could be heard because the notice of appeal supposedly was untimely, and the AAA rejected Plaintiff's position.

The AAA has expressly confirmed that it retains jurisdiction over the arbitration, has provided to the parties a list of arbitrators to hear an appeal of the award, and has indicated that an arbitrator will resolve any timeliness objections raised by Plaintiff. (Exs. B–E.) Yet Plaintiff nonetheless asks this Court to interfere with the AAA's administration of the appellate review required under the Arbitration Agreement by confirming a non-final award; an outcome that would violate the terms of the Arbitration Agreement, the Federal Arbitration Act, and Eighth Circuit law.

*First*, the Court has no jurisdiction over this ongoing arbitration proceeding. The Court's jurisdiction to confirm arbitral awards under the Federal Arbitration Act ("FAA") is limited to final awards. Here, the express terms of the Arbitration Agreement provide that the arbitration is not final until the completion of the AAA appeal process.

*Second*, Plaintiff's anticipated argument that DST's notice of appeal was not timely because the time for such an appeal began to run *before* the award was issued and *before* any party was even aware of such an award is meritless. As the AAA already concluded, should Plaintiff seek to challenge the timeliness of an appeal, she should do so before an arbitrator. Plaintiff's position also is contrary to all relevant authority, including the AAA rules, which provide that the time to appeal runs from when the award was *issued*.

The Court thus should dismiss Plaintiff's Motion and "direct[] the parties to proceed to arbitration in accordance with the terms of the agreement." *See* 9 U.S.C. § 4. The Court also should award DST its costs and attorneys' fees for responding to Plaintiff's frivolous Motion seeking confirmation of an award that controlling authority provides cannot be confirmed because it is subject to ongoing arbitration proceedings. Plaintiff has no justification for filing her Motion and, indeed, Plaintiff's sole argument that the award somehow is final

because the time to appeal has run is directly foreclosed by the AAA rules, the AAA itself, and black-letter law that any dispute about arbitration time limits may only be resolved by arbitrators.

## BACKGROUND

Plaintiff was a participant in the profit sharing portion ("PSP") of the retirement plan that DST offered to its employees. Plaintiff is subject to the Arbitration Agreement. (Mot. ¶ 1.) Although Plaintiff's PSP investments substantially increased in value, Plaintiff nonetheless claimed in AAA arbitration that DST violated its fiduciary duties by supposedly failing to adequately monitor the performance of the PSP's investment manager, Ruane, Cunniff & Goldfarb, Inc., which had complete discretion over the investments held in the PSP.

Plaintiff submitted her demand for arbitration on August 9, 2018. An arbitration hearing was held from September 28 to October 2, 2020; Plaintiff and DST submitted post-hearing briefs; Plaintiff submitted her application for attorneys' fees; and DST opposed the application for attorneys' fees on November 12, 2020.

The AAA issued the arbitrator's award to the parties via email on December 2, 2020. (Ex. F.) The AAA case file confirms the date of the arbitrator's decision as December 2, 2020. (Ex. F-1.) Although the award itself indicates that it was signed on November 24, 2020, it is undisputed that the award was not issued and no party received it until December 2, 2020.

The Arbitration Agreement provides that either party may seek appellate review within the AAA of any arbitral award. The Arbitration Agreement provides that "[i]f a party serves notice of an Arbitration Appeal, the selection of an Arbitrator to hear and decide the appeal shall be under the arbitrator selection procedure of this [Arbitration Agreement]. In an Arbitration Appeal, the Arbitrator shall review the Arbitration decision on the same legal grounds that a first level federal court of appeals would review the decision of a trial judge sitting without a jury." (ECF No. 1-1 at 2.) Either party may serve written notice of an

arbitration appeal "within 60 days after the Arbitration decision." (*Id.*) Within sixty days of receipt of the award, on January 29, 2021, DST filed its notice of appeal. (*See* Ex. A.)

The Arbitration Agreement also provides that the "the arbitration decision and award shall not become final until the conclusion of the arbitration process under this [Arbitration Agreement]." (ECF No. 1-1 at 3.) Only "[a]fter the conclusion of the arbitration process, *including the time period for an Arbitration Appeal and related proceedings*, DST or the Associate may file a legal action"[1] to enforce the "final decision and award based on any available legal ground in the federal district court." (*Id.* (emphasis added).)

On February 3, 2021, before the conclusion of the arbitration process, Plaintiff filed her Motion in this Court.

On February 11, 2021, the AAA informed the parties that it would "be providing a list of appellate arbitrators shortly" and determined that the issue of timeliness of the appeal "can be addressed with the arbitrator immediately upon appointment." (Ex. B.) On February 16, 2021, the AAA reiterated that "[t]he parties may submit their positions to the appellate arbitrator for review" and began to administer the appeal process by providing to the parties a list of proposed appellate arbitrators. (*See* Exs. C–E.)

## ARGUMENT

### I. The Court Has No Jurisdiction to Confirm a Non-Final Arbitration Award

The Court has no jurisdiction over this case because the parties have not agreed that a judgment of the court shall be entered. The FAA provides the basis for a court's jurisdiction to confirm arbitration awards: the Court has jurisdiction only "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made

---

1 Plaintiff's Motion tellingly omits the phrase "including the time period for an Arbitration Appeal and related proceedings" in quoting this same language. (Mot. ¶ 13.)

pursuant to the arbitration." 9 U.S.C. § 9. Such jurisdiction extends only to final awards, and a federal court may not confirm an award that is subject to ongoing arbitration proceedings. *Wootten* v. *Fisher Invs.*, 688 F.3d 487, 491 (8th Cir. 2012). The Eighth Circuit adheres to the "complete arbitration rule": "For an arbitration to be final and therefore federal court jurisdiction to be proper, there must be a 'complete arbitration.'" *Id.* (quoting *Local 36, Sheet Metal Workers Int'l Ass'n.* v. *Pevely Sheet Metal Co.*, 951 F.2d 947, 949–50 (8th Cir. 1992)).

Here, there is no complete arbitration and no final award over which the Court could exercise jurisdiction to confirm. Not only does the Arbitration Agreement expressly provide that no arbitration decision becomes final until the conclusion of the arbitration process, including an arbitration appeal (*see* ECF No. 1-1 at 3), but also the AAA is currently administering the selection process for an arbitrator to hear such an appeal and already has proposed appellate arbitrators (*see* Exs. B–E). The Court's jurisdiction therefore does not attach until the conclusion of that AAA appellate process. *See Demuth* v. *Navient Sols., LLC*, 2017 WL 3492541, at *2 (W.D. Pa. Aug. 15, 2017) (dismissing motion to confirm arbitration award and finding "that Plaintiff's action is premature" because of pending AAA appeal); *EDF Int'l S.A.* v. *YPF S.A.*, 676 F. Supp. 2d 317, 320 (D. Del. 2009) (holding that confirmation of an award could occur after foreign arbitration appeal).

Plaintiff's assertion that this Court should confirm an award that is subject to ongoing proceedings within the AAA runs afoul of exactly the concerns that the "complete arbitration rule" is designed to avoid: "piecemeal litigation and repeated judicial review." *CAA Sports LLC.* v. *Dogra*, 2019 WL 1001041, at *2 (E.D. Mo. Feb. 28, 2019).

## II. Plaintiff's Argument that the Award Is Final Is Meritless

Although Plaintiff failed to disclose to the Court that DST had noticed an arbitration appeal, Plaintiff presumably will wrongly argue to the Court that the time for appeal has run and the award is somehow final despite ongoing AAA proceedings. As the AAA already has concluded, any argument that Plaintiff wishes to make about timeliness should be determined by an arbitrator, not this Court. Moreover, Plaintiff's position that an arbitration appeal is not timely is meritless and contrary to the Arbitration Agreement, the default AAA rules, the Federal Rules of Appellate Procedure, the FAA, and the case law.

### A. *Whether the Appeal Is Timely Should Be Resolved by an Arbitrator*

As discussed below, Plaintiff's anticipated position that the arbitration appeal noticed by DST is somehow untimely is entirely baseless. But the law is clear that any dispute over timeliness must be resolved by an arbitrator.

It is black-letter law that disputes over questions of procedural arbitrability—such as the timeliness of a notice of appeal—are questions for arbitrators, not courts. The Supreme Court has held that the applicability of a "time limit rule is a matter presumptively for the arbitrator, not for the judge." *Howsam* v. *Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002); *see also, e.g.*, *United Steelworkers of Am.* v. *St. Gobain Ceramics & Plastics, Inc.*, 505 F.3d 417, 422 (6th Cir. 2007) ("[A]rbitrators rather than judges should resolve disputes over time-limitation provisions"); *Intl. Ass'n of Bridge, Structural, Ornamental & Reinforcing Ironworkers, Shopman's Local 493* v. *EFCO Corp. & Constr. Prods., Inc.*, 359 F.3d 954, 957 (8th Cir. 2004) ("[T]he question of whether the procedural prerequisites have been complied with . . . is a matter for the arbitrator and not for the court."). In *Howsam*, the Supreme Court examined an arbitration rule governing the time within which an arbitration must be commenced and squarely held that such a rule "falls within the class of gateway procedural disputes" that

6

arbitrators should decide and "is presumptively for the arbitrator, not for the judge." *Howsam*, 537 U.S. at 85. Since *Howsam* was decided, courts in this Circuit routinely have applied its reasoning in declining to decide time limit disputes in the arbitration context.[2]

This case is no different from *Howsam* and its progeny: Plaintiff's anticipated assertion that the arbitration appeal was untimely is erroneous, and the issue is "presumptively for the arbitrator" to decide. *Id.* Nothing in the Arbitration Agreement rebuts this presumption. Nor does the Arbitration Agreement show "that the parties intended to have a court, rather than an arbitrator, interpret and apply the [ ] time limit rule." *Id*. at 86. To the contrary: with the exception of disputes not at issue here, the Arbitration Agreement provides that "the Arbitrator shall determine all other disputes regarding this [Arbitration Agreement]." (ECF No. 1-1 at 3.) Indeed, the AAA already has proposed appellate arbitrators and determined that the appellate arbitrator can address the issue of timeliness of the appeal. (*See* Exs. B–E.) This dispute, about the Arbitration Agreement's provisions governing *arbitration* procedure, thus should be determined by an arbitrator.[3]

B.   *DST Timely Appealed the Award*

Although any determination of questions of arbitration procedure belongs to an arbitrator, Plaintiff's anticipated position that the award is final because the time to appeal somehow expired is baseless. Plaintiff likely will contend that, contrary to the Arbitration

---

2   *See, e.g.*, *Pro Tech Indus.* v. *URS Corp.*, 377 F.3d 868, 871–72 (8th Cir. 2004) ("[I]ssues of procedural arbitrability, i.e., whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide") (citing *Howsam*, 537 U.S. at 85); *United Steelworkers of Am.,* v. *The Duluth Clinic, Ltd.*, 2005 WL 1668406, at *6 (D. Minn. July 18, 2005) ("Accordingly, the Court determines that, based on *Howsam* and relevant Eighth Circuit precedent, the issue of whether the Grievance was timely filed is for the arbitrator.").

3   Plaintiff's argument about the scope of the Court's review of arbitration awards is plainly irrelevant. (*See* Mot. at 3–4.) DST does not now seek to interrupt the arbitration process and challenge the award on its merits in this forum. Rather, DST requests that this Court dismiss Plaintiff's Motion and allow the AAA to continue handling the appeals process—a process that Plaintiff agreed to.

7

Agreement, the default AAA rules, the Federal Rules, the FAA, and the case law, the time to appeal somehow begins to run before an award is issued and before the parties even received the award.

The Arbitration Agreement, the default AAA appellate rules, the Federal Rules of Appellate Procedure, the FAA, and the case law all agree: the delivery of an arbitration award or judgment to the parties begins the time period to seek appeal. The Arbitration Agreement states that either party may serve written notice of an arbitration appeal "within 60 days after the Arbitration decision." (ECF No. 1-1 at 2.) The default AAA appellate rules, in unmodified part,[4] state that the time to file a notice of appeal begins "from the date the Underlying Award is *submitted to the parties*." (emphasis added).[5] The rule is the same in federal court.[6] Federal Rule of Appellate Procedure 4(a)(1)(A) provides that, in civil cases, the time to notice an appeal runs from the date of "entry of judgment." Section (a)(7)(A)(i) of Rule 4 makes clear that "entry" means "when the judgment or order is entered *in the civil docket*" (emphasis added). *See also Wheat* v. *Pfizer, Inc.*, 31 F.3d 340, 342 (5th Cir. 1994) ("[F]or purposes of determining whether a notice of appeal was timely, the relevant date is the date the post-trial motion was entered on the docket, not the date it was filed."); *Vincent* v. *Consolidated Operating Co.*, 17 F.3d 782, 785 n.8 (5th Cir. 1994) ("The district court signed the judgment two days earlier, on April 26, and it was filed on that date. The timing of posttrial motions, however, turns on the

---

4   The Arbitration Agreement modifies the time limit to file a notice of appeal from thirty to sixty days, but does not alter the triggering date laid out in the default AAA appellate rules—the date of submission.

5   Optional Appellate Arbitration Rules, American Arbitration Association, https://www.adr.org/sites/default/files/AAA-ICDR_Optional_Appellate_Arbitration_Rules.pdf (last visited Feb. 11, 2021).

6   The Arbitration Agreement provides that, in an arbitration appeal, "the Arbitrator shall review the Arbitration decision on the same legal grounds that a first level federal court of appeals would review the decision of a trial judge sitting without a jury." (ECF No. 1-1 at 2.)

date the judgment was *entered* on the docket, which in this case was April 28.") (emphasis in original). The FAA likewise refers to the ***delivery of an award*** as the trigger date to serve a notice of a motion to vacate, modify, or correct an award. 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is ***filed or delivered***") (emphasis added). Courts thus have held that, under the FAA, "electronic 'delivery' occur[s] when the e-mail [is] sent." *Webster* v. *A.T. Kearney, Inc.*, 507 F.3d 568, 573–74 (7th Cir. 2007) (also noting that "the award was 'delivered' . . . when the AAA case manager placed the award in the mail").

There is no dispute that the award was delivered by email on December 2, 2020. (*See* Ex. F.) The default AAA rules, the Federal Rules, and the FAA thus provide that the time to appeal ran from that date—not, as Plaintiff contends, from the date on which the award was signed but not disseminated to the parties. As a result, the notice of appeal filed by DST on January 29, 2021 was timely within the 60-day period set forth in the Arbitration Agreement. (*See* Ex. A.)

By contrast, Plaintiff can cite no authority suggesting that the date on which an award is signed triggers the time to appeal. Nor does such a position make any sense. If Plaintiff was correct, the parties' time to exercise their rights under the Arbitration Agreement would start to run *before* any party received an award or knew that one existed. Should the AAA delay in disseminating an arbitrator's signed award to the parties, Plaintiff's position would mean that the parties would be deprived of time afforded to them under the Arbitration Agreement to seek further review. And Plaintiff's position could lead to the further absurd result that the parties' time to appeal expired before they ever received the award, thus eviscerating the time limits set forth in the Arbitration Agreement.

## CONCLUSION

Plaintiff's Motion should be dismissed in its entirety with prejudice. Pursuant to 9 U.S.C. § 4, the Court should order the parties to proceed with the appeals process before the AAA, as set forth in the Arbitration Agreement. The Court also should award DST its costs and attorneys' fees for responding to Plaintiff's frivolous Motion.

Dated:  February 17, 2021
       Kansas City, Missouri

Respectfully Submitted,

SHOOK, HARDY & BACON L.L.P.


By:  /s/ Robert T. Adams

Robert T. Adams (rtadams@shb.com)
Ann M. Songer (asonger@shb.com)
Michael S. Cargnel (mcargnel@shb.com)
Rick Shearer (rshearer@shb.com)
2555 Grand Blvd.
Kansas City, Missouri 64108
(816) 474-6550

*Attorneys for DST Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify on this 17th day of February 2021, a copy of the above and foregoing document was served on all counsel via the Court's EC/CMF system.


                                                                    _____/s/ Robert T. Adams_____