# EXHIBIT A

| | |
|---|---|
| **From:** | Tieman, Matthew W |
| **Sent:** | Friday, January 29, 2021 4:09 PM |
| **To:** | AAA Amie Chale |
| **Cc:** | Clayton, Lewis R; Carey, Jessica; Recher, Jeffrey J; Kaye, Joshua D; Borod, James H; Hershman, Sara E; Young, Spencer E; Luhring, Alexander L; 'scott.hecht@stinson.com'; 'chris.leopold@stinson.com'; Adams, Rob (SHB); Songer, Ann (SHB); Cargnel, Mike (SHB); Shearer, Rick (SHB); cbidwell@shb.com; Jeffrey E. Elkins (jelkins@shb.com); Van Thournout, Darin J. (SHB); Jason Zager (jzager@shb.com); 'ajs@klamannlaw.com'; 'Ken McClain'; 'bwhite@wagblaw.com'; 'ted@kapkewillerth.com'; 'Mike Fleming'; 'bcarr@wagblaw.com'; 'jklamann@klamannlaw.com'; 'Jonathan M. Soper'; 'Chelsea McClain Pierce'; J'Nan Kimak; tarri@wagblaw.com; Muscat, Shawn; Bland, Kelly (SHB) |
| **Subject:** | Alice Wright v. DST Systems, Inc. (AAA Case No. 01-19-0001-9073); Notice of Arbitration Appeal |
| **Attachments:** | Notice of Appeal in Alice Wright Arbitration.pdf |

Ms. Chale,

In accordance with the parties' arbitration agreement, attached please find DST's Notice of Arbitration Appeal in the matter of *Alice Wright* v. *DST Systems, Inc.*, AAA Case No. 01-19-0001-9073.

Regards,

**Matthew W. Tieman** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3957 (Direct Phone) | 212 492 0957 (Direct Fax)
mtieman@paulweiss.com | www.paulweiss.com

# EXHIBIT A-1

**AMERICAN ARBITRATION ASSOCIATION**

---

In the Matter of the Arbitration Between

ALICE WRIGHT,

      Claimant,

          v.

DST SYSTEMS, INC.,

      Respondents.

Case No. 01-19-0001-9073

---

## <u>NOTICE OF APPEAL</u>

Pursuant to the DST Arbitration Program Agreement effective July 1, 2016 (the "Arbitration Agreement"), Respondent DST Systems, Inc. ("DST") hereby appeals the Final Award, including the Arbitrator's Ruling on Claimant's Application for Attorney's Fees and Costs, issued on December 2, 2020 by the Arbitrator in the above-captioned case. As provided for in the Arbitration Agreement, DST respectfully requests that the AAA initiate the Arbitration Agreement's process for selecting a new arbitrator who will then set a briefing schedule and hear this appeal.

Dated: January 29, 2021

PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP

By:____/s/ Jeffrey J. Recher_____
    Lewis R. Clayton (lclayton@paulweiss.com)
    Jessica S. Carey (jcarey@paulweiss.com)
    Jeffrey J. Recher (jrecher@paulweiss.com)
    Joshua D. Kaye (jkaye@paulweiss.com)
    1285 Avenue of the Americas
    New York, NY 10019-6064
    (212) 373-3000

SHOOK, HARDY & BACON L.L.P.

    Robert T. Adams (rtadams@shb.com)
    Ann M. Songer (asonger@shb.com)
    Michael S. Cargnel (mcargnel@shb.com)
    Rick Shearer (rshearer@shb.com)
    2555 Grand Blvd.
    Kansas City, Missouri 54108
    (816) 474-6550

# Exhibit 1

| From: | AmieChale@adr.org |
| --- | --- |
| To: | kbm@hfmlegal.com; ajs@klamannlaw.com; RTADAMS@shb.com; Young, Spencer E; Clayton, Lewis R; rshearer@shb.com; Muscat, Shawn; bcarr@wagblaw.com; Recher, Jeffrey J; Tieman, Matthew W; Hershman, Sara E; ASONGER@shb.com; jelkins@shb.com; scott.hecht@stinson.com; jbk@kbg-law.com; mcargnel@shb.com; dvanthournout@shb.com; bwhite@wagblaw.com; cmp@hfmlegal.com; ted@kapkewillerth.com; jms@hfmlegal.com; Kaye, Joshua D; chidwell@shb.com; kingebretsen@shb.com; jklamann@klamannlaw.com; mike@kapkewillerth.com; jzager@shb.com; chris.leopold@stinson.com; klemon@shb.com |
| Cc: | dgf@dfreedman.net |
| Subject: | Alice Wright v. DST Systems, Inc. - Case 01-19-0001-9073 |
| Date: | Wednesday, December 2, 2020 7:15:34 PM |
| Attachments: | image2f4a38.PNG |
| | AAA Case Closed.pdf |
| | Wright v DST Systems - Final Award.pdf |
| | Wright v DST Systems - Ruling on Fee Application.pdf |

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.



**AAA Amie Chale**
**Manager of ADR Services**

American Arbitration Association

T: 559 490 1874  F: 855 433 3046  E: AmieChale@adr.org
45 E River Park Place West, Suite 308, Fresno, CA 93720
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.



Western Case Management Center
Patrick Tatum
Vice President
45 E River Park Place West
Suite 308
Fresno, CA 93720
Telephone: (877)528-0880
Fax: (855)433-3046

December 2, 2020

**VIA EMAIL ONLY**

John M. Klamann, Esq.
The Klamann Law Firm
4435 Main Street, Suite 150
Kansas City, MO 64111

Jeffrey J. Recher, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Case Number: 01-19-0001-9073

Alice Wright
-vs-
DST Systems, Inc.

Dear Parties:

By direction of the Arbitrator we herewith transmit to you the duly executed Award in the above matter. This serves as a reminder that there is to be no direct communication with the Arbitrator. All communication shall be directed to the American Arbitration Association (the AAA).

Note that the financial reconciliation reflects costs as they were incurred during the course of the proceeding. Any apportionment of these costs by the arbitrator, per section 39 of the rules, will be addressed in the award and will be stated as one party's obligation to reimburse the other party for costs incurred. Any outstanding balances the parties may have with the AAA for the costs incurred during the arbitration proceedings remain due and payable to the AAA even after the final award is issued, and regardless of the arbitrator's apportionment of these costs between the parties in the award.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

You will receive a survey within the next few weeks. Please take a moment to complete it as we value your opinion and any feedback you may have.

We appreciate the opportunity to assist you in resolving your dispute. As always, please do not hesitate to contact me if you have any questions.

Sincerely,

/s/

Will Coon on behalf of
Amie Chale
Manager of ADR Services
Direct Dial: (559)490-1874
Email: AmieChale@adr.org
Fax: (855)433-3046

Enclosure

cc:    Kenneth B. McClain, Esq.
       Chelsea M. Pierce
       Scott Hecht, Esq.
       Josh D. Kaye
       Shawn Muscat
       Cecilia Bidwell
       Andrew Schermerhorn, Esq.
       Jonathan Soper
       Lewis R. Clayton, Esq.
       Michael S. Cargnel, Esq.
       Rick Shearer, Esq.
       Kathleen Lemon
       Darin J. Van Thournout
       Jeffrey E. Elkins
       William Carr, Esq.
       Spencer Young
       Sara E. Hershman
       Matthew W. Tieman, Esq.
       Ann Songer
       Ted Kapke, Esq.
       Christopher J. Leopold, Esq.
       Mike Fleming, Esq.
       Joshua B. Katz
       Bryan T. White, Esq.
       Robert T. Adams
       S. Kirk Ingebretsen, Esq.
       Jason Zager
       David G. Freedman, Esq.

AMERICAN ARBITRATION ASSOCIATION

EMPLOYMENT ARBITRATION TRIBUNAL

| | |
|---|---|
| ALICE WRIGHT, | CASE NO. 01-19-0001-9073 |
| Claimant, | **ARBITRATOR'S AWARD** |
| v. | |
| DST SYSTEMS, INC., | |
| Respondent. | |

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with

the agreement entered into by the above-named parties and having been duly sworn and

having duly heard the proofs and allegations of the parties, and claimant being represented by

The Klamann Law Firm, Kapke & Willerth, LLC, Humphrey, Farrington & McClain PC,

Kent, Beatty & Gordon, LLP and White Graham Buckley & Carr, LLC, and respondent being

represented by Paul, Weiss, Rifkind, Wharton & Garrison LLP, Stinson LLP, and Shook,

Hardy & Bacon LLP, hereby AWARD, as follows:

Claimant Alice Wright asserts she is entitled to damages against respondent DST

Systems, Inc. based on its breach of duties imposed by the Employee Retirement Income

Security Act of 1974. Respondent denies the claims.

The parties agreed that this arbitration is governed by their written arbitration agreement

and the AAA Employment Arbitration Rules and selected the undersigned as Arbitrator. The

parties appeared for an evidentiary hearing on September 28 through October 2, 2020 and were

afforded the opportunity to introduce relevant evidence and examine and cross-examine

witnesses under oath. The matter was submitted for award on November 12, 2020 upon receipt

1

of the parties' closing briefs, claimant's application for attorney's fees and costs, and

respondent's opposition to the application. The parties agreed and requested that the award be in

the form below and not provide written reasons.

I have found that the preponderance of the evidence supports the claims asserted by

claimant and that claimant is entitled to the reasonable attorney's fees and costs described in my

ruling on claimant's application.

## AWARD

Claimant is awarded compensatory damages of $8,664.00 minus a credit of $1,507.16 for

the settlement between claimant and Ruane, Cunniff & Goldfarb, and reasonable attorney's fees

of $98,871.04 and costs of $5,319.70, for a total award of $111,347.58.

The administrative fees and expenses of the American Arbitration Association totaling

$3,425.00 and the compensation and expenses of the arbitrator totaling $34,360.00 shall be borne

as incurred.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not

expressly granted herein are hereby denied.

Date: November 24, 2020

David G. Freedman
Arbitrator

2

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| ALICE WRIGHT, | CASE NO. 01-19-0001-9073 |
| Claimant, | **RULING ON CLAIMANT'S APPLICATION FOR ATTORNEY'S FEES AND COSTS** |
| v. | |
| DST SYSTEMS, INC., | |
| Respondent. | |

Claimant has applied for an award of attorney's fees and costs. Respondent has opposed the application. I have read and considered the submissions. Having determined that claimant is the prevailing party, I make the following ruling on claimant's application.

Claimant and respondent commenced this arbitration by filing a joint submission on May 20, 2019. The submission included a statement of various claims for breach of duties imposed by the Employee Retirement Income Security Act of 1974. The evidentiary hearing of claimant's case and six others were conducted concurrently over five days. The parties presented extensive documentary evidence, testimony by percipient and expert witnesses, and post hearing briefs.

I have issued a damage award in favor of claimant based on my finding that respondent breached its duties to act prudently, to ensure appropriate diversification of the assets of the profit-sharing plan, and to monitor the investment manager of the assets. Claimant presented clear and convincing proof of her claims. Thus, I find it appropriate to award attorney's fees and costs to claimant under 29 U.S.C. § 1132 (g)(1) which states "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

According to the evidence submitted with her application, claimant retained her attorneys on July 28, 2018. Her attorneys also represent 495 other participants in the DST 401(k) Profit Sharing Plan who have asserted similar individual arbitration demands.

Claimant seeks an award of attorney's fees of $52,695.50 for the services specific to claimant, $76,704.60 for a share of the services provided for the benefit all the claimants her attorneys represent, $19,827.79 for out-of-pocket expenses, and $5,319.70 for costs. Respondent asserts the fees are unreasonable and the maximum fee award should be 40% of the damages awarded to claimant because that is what her fee agreement provides.

Claimant's application for $52,695.50 for the legal services specific to her is based on the lodestar method. Respondent recognizes that the lodestar method is valid but asserts it is inappropriate here because claimant entered a 40% contingency fee agreement with her attorneys and an award using this formula is consistent with the percentage of the benefit method also approved by courts in the Eighth Circuit. I disagree.

Respondent's primary argument for limiting fees to 40% of the award is that claimant's counsel argued for the percentage of the benefit approach in other arbitrations and court cases involving respondent and it is the fee specified in her agreement with her attorneys. As respondent recognizes in its opposition, both the percentage of the benefit approach and the lodestar method are proper under the law and I do not find the basis for fee applications in other cases to be relevant here. Respondent has not presented any facts or law demonstrating that fee applications by other claimants constitute a waiver, estoppel, or other bar to prevent claimant or her lawyers from seeking a fee based on the lodestar method and I decline to make such a finding. Respondent also has not cited any authorities or persuasive reasons to support its contention that the fee award must comport with claimant's contingency fee agreement with her

lawyers. I find that a percentage of the benefit approach would yield an unreasonable and inadequate fee due to the nature of the case and the work required to prosecute it.

Claimant has provided a 7-page document that itemizes the legal services performed that were specific to her case and affidavits supporting the hourly rates for the attorneys performing the services. I find the description of services and time entries are adequate and the hourly rates are reasonable. Therefore, using the lodestar method, I conclude that $52,695.50 is a reasonable fee for the legal services specific to claimant's case.

In addition to the attorney time specific to claimant, claimant's counsel state they spent a total of 10,667.16 hours on work that benefitted all the arbitration claimants they represent, which yields a lodestar of $7,670,460. Claimant seeks a fee award equal to 1% of this amount based on her contention that she benefitted from this work.

To support the lodestar calculation, claimant has provided a 192-page document that itemizes the 10,667.16 hours. I have reviewed each billing entry in the document and find numerous problems that prevent a finding that the lodestar and the 1% request are reasonable. Among the problems are the following:

- The billing entries of many timekeepers describe services performed before claimant retained her attorneys in July 2018. Some of those entries are in 2016 and 2017. Claimant has not shown or described how those services benefitted her case.

- The billing entries of many timekeepers describe services related to litigation or matters seemingly unrelated to claimant and which do not appear to have conferred a benefit related to her claims against respondent. Examples include

3

but are not limited to entries about services that appear related to litigation with Ruane and the settlement with Ruane, conferences with other claimants. class certification motions, and other court proceedings.  Claimant has not shown how the many entries like these reflect services that benefitted her case or would have been required on her case alone.

- There are scores of vague entries from which it is impossible to discern a direct benefit to claimant's case.  Some of many examples: "Research; review and research motions; telephone conference with team;" "Review case materials; telephone conferences; prepare distribution materials;" "Conduct case management."

- There are scores of entries that appear duplicative or redundant and numerous entries with identical vague descriptions and amounts of time.

These and other billing inadequacies make it impossible to evaluate how many of the 10,667.16 hours and associated charges were necessary and reasonable and the extent to which they benefitted claimant's case and to find 1% or any other percentage would be reasonable and appropriate to award claimant.

However, I believe it is logical to find that some of the services must have benefited claimant's case, for example work related to fact investigation and legal analysis, discovery, document review, experts, hearing preparation and briefing.  The evidence presented at the evidentiary hearing bears this out because identical documents, witnesses and legal arguments were presented in the concurrent hearings and apparently in earlier concurrent hearings of other claimants.  Fairness requires that this be recognized in the fee award.  While I am unable to find that a specific percentage of the group hours is a reasonable amount of time to award in this case,

I do believe adding 50% of the $52,695.50 fee for the legal services specific to claimant is fair and reasonable taking into account all the circumstances. Therefore, I will add $26,347.75 to the fee award.

Claimant requests that the fee award include $19,827.79 of reasonable out-of-pocket expenses. Claimant's fee application states that most of these are "common expenses incurred on behalf of all Plaintiffs" and that "In the event any of these common expenses are awarded on more than one Fee Application, a deduction will be applied to offset." Respondent does not dispute that a fee award may include reasonable out-of-pocket expenses and does not challenge the reasonableness of claimant's request. The expenses are allowed, making the total fee award $98,871.04.[1]

Claimant seeks an award of $5,319.70 for costs. Respondent does not challenge the reasonableness of claimant's request. The costs are allowed.

For the reasons set forth above, claimant is awarded attorney's fees of $98,871.04 and costs of $5,319.70.

Date: November 24, 2020

David G. Freedman
Arbitrator

---

[1] $52,695.50 + $26,347.75 + $19,827.79 = $98,871.04

# Exhibit 2



July 1, 2016

# DST ARBITRATION PROGRAM AGREEMENT

## Arbitration Program Agreement

Effective July 1, 2016, DST Systems, Inc. and all affiliated entities implemented as a contractual commitment to Associates the new arbitration program set forth in this Arbitration Program Agreement ("APA"). DST may not unilaterally change the terms of this APA without the agreement of the affected Associate.

This APA covers all employees, applicants, and independent contractors of DST Systems, Inc. or a DST affiliated entity (collectively referred to as "Associate" or "Associates") who receive notice of this APA and do not properly opt out. It also continues to cover Associates after they terminate employment or after they transfer between DST Systems, Inc. and a DST affiliate or between DST affiliates.

With the implementation of this new APA as a single uniform program across the enterprise of DST Systems, Inc., this APA applies to: (a) claims by an Associate against DST Systems, Inc., any DST affiliated entity, any DST sponsored benefit plan, or any DST employee, supervisor, manager, officer, or director allegedly acting within the scope of employment or as an agent or fiduciary (all collectively referred to a "DST"); and (b) claims by DST against an Associate. (See section on Coverage of this Arbitration Program Agreement for a full explanation of covered claims.)

DST encourages Associates to agree to this APA because we believe it provides a fair, efficient, private, and accessible process to resolve employment disputes related to legal rights through arbitration instead of through a lawsuit. Agreement to this APA is entirely voluntary because Associates have the right to opt out in writing within 30 days after they receive notice of and access to this APA. An Associate shall be considered to have agreed to this APA if the Associate does not properly opt out in writing within 30 days.

Under this APA, if any Associate has a claim related to legally-protected rights, the claim shall be subject to independent and neutral arbitration under the terms of this APA, unless the Associate has properly opted out in writing within 30 days after receipt of notice of and access to this APA. DST agrees that this APA also applies to claims by DST against an Associate.

## How Does this Arbitration Program Work?

The Arbitration process will be administered by the American Arbitration Association ("AAA"), which is a not-for-profit organization with a long history of experience in the field of alternative dispute resolution. Arbitrations will be conducted under AAA's Employment Arbitration Rules, except as modified by this APA. The Employment Arbitration Rules are part of AAA's Employment Arbitration Rules and Mediation Procedures. A copy of the AAA's Employment Arbitration Rules and Mediation Procedures can be reviewed at DSTConnect>Policies and Programs. The AAA Rules are amended by AAA from time to time. The AAA Rules in effect at the time an arbitration claim is initiated will apply, except as modified under this APA. Also, for any amendment by AAA of the Rules after an Associate agrees to this APA, the amendment will apply only if not objected to by the Associate at the time of the claim. An Associate can always secure a copy of the current AAA Employment Arbitration Rules and Mediation Procedures and information about AAA by accessing the AAA website at www.adr.org, by contacting AAA at 800.778.7879 or 888.774.6904, or by contacting the DST People Center at 800.874.0174 or peoplecenter@dstsystems.com.

DST agrees to pay the Arbitrator fees and the costs charged by AAA in any arbitration.

©2016 DST Systems, Inc.

This APA does not require mediation, but if an Associate who files a claim under this APA wishes to mediate his/her claim, DST agrees to participate in mediation. DST further agrees to pay the fees of the mediator under AAA's mediation procedures or under any other mutually agreed upon mediation procedure.

The Arbitrator shall be an independent, neutral, and licensed attorney selected by DST and the Associate from a panel of at least three arbitrators provided by AAA, all of whom must satisfy the following qualifications: (1) former federal court judges and magistrates or former state court judges in appellate courts or trial courts of full general jurisdiction (which does not include municipal courts or "private judges"); or (2) lawyers who have practiced law and/or served as Arbitrators in the field of employment law for at least 15 years and are rated "AV" by Martindale-Hubbell. The AV rating is for lawyers considered to have reached the height of professional excellence and recognized for the highest levels of skill and integrity.

The Parties shall randomly decide who strikes first and then take turns alternately striking one name from the list of qualified arbitrators until there is only one name remaining. The remaining name shall be the Arbitrator. In any case, the Associate and DST also may agree on a mutually acceptable Arbitrator, and agree to bypass the AAA arbitration selection and administration process. DST also agrees to pay the Arbitrator fees if the parties agree on a mutually acceptable Arbitrator outside of the AAA selection process.

The Arbitrator shall have the exclusive authority to resolve all disputes relating to the facts or the law. This includes the authority to grant summary disposition of claims prior to hearing and to grant all relief that a court of competent jurisdiction could grant based on the claims asserted. The Arbitrator must follow all applicable law. The Arbitrator shall decide the case in the same manner as a federal district court judge hearing the case without a jury, and shall apply the federal rules of evidence. The Arbitrator shall issue a signed written award and decision stating the findings of material facts and conclusions of law that provide the basis for the decision. The Federal Arbitration Act governs the enforcement of this APA and proceedings under this APA, other than as modified by this APA. The Federal Arbitration Act applies because DST's business involves interstate commerce. If this APA is found not enforceable under the Federal Arbitration Act, then applicable state law shall apply.

The arbitration hearing shall be held in the county of the Associate's principal place of employment, services, or prospective employment, unless another location is agreed to by the parties. Prior to the hearing, the parties shall be entitled to discovery sufficient to fairly and adequately prosecute or defend claims as determined by the Arbitrator, taking into account the objective of an efficient, fair, and prompt resolution of claims. Discovery shall include at a minimum the right to two depositions, ten interrogatories, and ten document requests by each party. Both DST and the Associate, at their own expense, may be represented by an attorney in arbitration. The following persons may be present at the hearing: the Arbitrator and any recorder of the hearing; the Associate and his/her spouse, attorneys, experts, and witnesses; and DST's attorneys, management, human resource personnel, experts, and witnesses. No one else may be present without good cause determined by the Arbitrator. The arbitration and hearing shall be confidential, but only to the extent allowed under applicable law.

The parties shall provide lists of the names and addresses of witnesses and copies of exhibits to each other at least 30 days prior to the hearing and may supplement this information with additional rebuttal witnesses and exhibits up to 20 days prior to the hearing. The Arbitrator may resolve all discovery disputes, issue protective orders, and issue subpoenas to the full extent allowed by the law. Any party may arrange at their expense for a qualified court reporter and/or video/audio equipment to make a record of the hearing. The parties shall be entitled to file post-hearing briefs and proposed findings of fact and conclusions of law. The Arbitrator shall set a post-hearing briefing schedule under which the party with the burden of proof files first and the opposing party files second.

The Arbitration decision shall be binding on DST and the Associate; however, DST or the Associate may within 30 days after the decision file a reconsideration motion or other motion with the Arbitrator, who retains jurisdiction to consider and rule on any such motion. Additionally, DST or the Associate may serve written notice of an Arbitration Appeal: (1) within 60 days after the Arbitration decision if no reconsideration or other motion is filed within 30 days after the Arbitration decision; or (2) if a reconsideration or other motion is filed within 30 days after the Arbitration decision, then within 30 days after a decision by the Arbitrator on the reconsideration motion or other motion. If a party serves notice of an Arbitration Appeal, the selection of an Arbitrator to hear and decide the appeal shall be under the arbitrator selection procedure of this APA. In an Arbitration Appeal, the Arbitrator shall review the Arbitration decision on the same legal grounds that a first level federal court of appeals would review the decision of a trial judge sitting without a jury. The Arbitrator in an Arbitration Appeal shall issue a written decision after considering written briefs and oral argument. If the Arbitration Appeal or any court review

results in the direction of a new hearing or other further proceedings before an arbitrator, any party shall have the right to require that a new Arbitrator be selected under this APA to handle such new hearing or other further proceedings. The Arbitration decision and award shall not become final until the conclusion of the arbitration process under this APA. After the conclusion of the arbitration process, including the time period for an Arbitration Appeal and related proceedings, DST or the Associate may file a legal action within 30 days to enforce, vacate, modify, and/or appeal the final decision and award based on any available legal ground in the federal district court with jurisdiction over the county in which the hearing was held.

## How to Assert a Claim Under this Arbitration Program Agreement

An Associate who wishes to assert a claim must submit a written request for arbitration to the DST General Counsel, 333 W. 11th St., Kansas City, Missouri 64105 within the time period established by the applicable statute of limitations under the law. The written request should include supporting documentation and a statement of the facts, the nature of the claim, and the damages and/or other remedies sought. If DST wishes to assert a claim against an Associate, it also must submit such a written request for arbitration to the Associate within the time period established by the applicable statute of limitations under the law and with supporting documentation and a statement of the facts, the nature of the claim, and the damages and/or other remedies sought. The claim is waived if the Associate or DST fails to submit a timely and proper written request for arbitration, unless there are valid legal grounds to excuse the failure. After a request for arbitration, the parties shall cooperate on a joint submission of the claim to AAA, and DST agrees to pay all AAA and arbitrator fees.

All claims must be asserted, heard, and resolved on a single Associate individual basis, unless otherwise agreed to by all parties. Claims by multiple Associates may not be joined together in the same arbitration. DST also may not assert claims against multiple Associates in the same arbitration. An Associate may not assert claims as a class action or collective action on behalf of other Associates, either in court or under this APA. An Associate also may not have a claim asserted on his/her behalf by another person as a class representative or otherwise. This provision does not bar an individual associate from asserting a pattern or practice theory in support of his/her individual claim.

Any dispute regarding the enforceability of this APA, or the enforceability of this APA's prohibition on class action, collective action, and multiple Associate claims, shall be determined by the courts and not by the Arbitrator. An arbitrator shall not have the authority to allow a class action, collective action, or other multiple Associate claim to proceed in arbitration without a court order directing that the case proceed on that basis. Other than disputes regarding the enforceability of this APA and the enforceability of this APA's prohibition on a class action, collective action, and multiple Associate claims, the Arbitrator shall determine all other disputes regarding this APA.

## Coverage of this Arbitration Program Agreement

This APA covers all legal claims arising out of or relating to employment, application for employment, termination of employment, or independent contractor activities, except for claims specifically excluded under the terms of this APA. The claims covered by this APA include, but are not limited to, the following types of claims: wrongful discharge under statutory law or common law; employment discrimination, retaliation, or sexual or other harassment based on federal, state, or local statute, ordinance, or governmental regulations; retaliatory discharge or other unlawful retaliatory action; whistleblower claims; qui tam claims; False Claim Act claims; claims related to company sponsored benefit plans (other than a claim for benefits due under the terms of a plan, which is excluded from this APA); overtime or other compensation disputes; leave of absence disputes; tortious conduct; negligence; assault; battery; defamation; violation of public policy; breach of contract; and other statutory or common law claims. It includes claims based on a Notice of Right to Sue issued by a government agency. It also includes claims based on events that occurred prior to the effective date of this APA or based on events that occur following the termination of employment. This APA also applies to any claims by DST against an Associate.

The only claims not covered by this APA are claims by an Associate for workers' compensation benefits, claims for unemployment compensation benefits, claims for benefits due under the terms of any company sponsored benefit plan, claims filed with the National Labor Relations Board, retaliation claims under Section 806 of the Sarbanes-Oxley Act or the Commodity Exchange Act, and any other claims that cannot be arbitrated as a matter of law. If claims covered by this APA

and claims not covered by this APA are combined in one case, the covered claims shall be resolved in arbitration under this APA and the other not-covered claims shall be resolved in the appropriate non-arbitration venue.

Additionally, either the Associate or DST may file a court action seeking provisional equitable remedies, but only to the extent such remedies are available under the law, including but not limited to temporary or preliminary injunctive relief, either before the commencement of or during the arbitration process, to preserve the status quo or otherwise prevent damage or loss pending final resolution of the dispute pursuant to the terms of this APA. Also, this APA does not prevent or discourage an Associate from filing and pursuing an administrative proceeding before the Equal Employment Opportunity Commission, the National Labor Relations Board, or any other federal, state, or local administrative agency or otherwise providing information to any such government agency, also including but not limited to, the Department of Justice, the Securities and Exchange Commission, Health and Human Services, US Comptroller of the Currency, FINRA, or the Federal Trade Commission; however, if an Associate or DST chooses to pursue a legal claim in addition to and/or following completion of such administrative proceedings, or if there is some other legal proceeding related to the claim following completion of the administrative proceedings, the claim then shall be subject to the terms of this APA.

## Agreeing to this Arbitration Program Agreement

Agreement to this APA by an Associate is entirely voluntary because all Associates have the right to opt out in writing within 30 days after receipt of notice of and access to this APA. DST provides the 30 day opt out period because we want Associates to participate in this Arbitration Program, but we do not want to require Associates to make a quick decision. We want to provide Associates with plenty of time to consider whether they want to voluntarily agree to or opt out of this APA.

For each Associate who applies for, continues, or starts employment or service after July 1, 2016 and does not opt out in writing within 30 days after he/she receives notice of and access to this APA, the Associate and DST shall be considered to have agreed as a binding contract to waive their right to a judge or jury trial and to resolve employment-related legal claims under the terms of this APA instead of through a lawsuit. In order to opt out of this APA, an Associate must send a letter by Certified Mail/Return Receipt Requested to the DST Chief Human Resource Officer, 333 W. 11th St., Kansas City, Missouri 64105, stating his/her desire to opt out. The opt out letter may simply state the following: "I wish to opt out of the DST Arbitration Program Agreement." The opt out letter must be postmarked within 30 days after the Associate receives notice of and access to this APA. There will be no retaliation against any Associate for opting out of this APA. Upon request, DST will reimburse the Associate for postage and other reasonable expenses of mailing an opt out letter.

If an Associate properly opts out of this APA and was covered by a prior existing Arbitration Policy or Program as of the July 1, 2016 date of the implementation of this APA, then the prior Arbitration Policy or Program shall remain in effect for the Associate and the Associate shall remain in the same opted out or not opted out status as he was on July 1, 2016 under the existing Arbitration Policy or Program. The prior Arbitration Policy or Program also remains in effect if an Associate does not opt out of this APA, but for whom this APA is later found for some reason not to be a valid and enforceable agreement.

Associates are welcome to contact the DST People Center at 800.874.0174 or peoplecenter@dstsystems.com if they have any questions or need further information regarding this APA or their right to opt out of this APA. We also encourage Associates, if they desire, to secure advice from an attorney or any other person regarding this APA and their right to opt out of this APA. Any Associate who does not mail an opt out letter by Certified Mail/Return Receipt Requested to the DST Chief Human Resource Officer, 333 W. 11th St., Kansas City, Missouri 64105 postmarked within 30 days after the Associate receives notice of and access to this APA shall be considered to have agreed to this APA, shall be automatically covered by this APA, and shall be contractually obligated to resolve legal claims under the terms of this APA and not through a lawsuit with a judge or jury trial.

This APA creates a contract that binds DST and each Associate to arbitrate employment-related legal claims, except for an Associate who properly opts out in writing within 30 days after the Associate receives notice of and access to this APA. This APA does not in any way modify the employment-at-will status of any Associate.

The provisions of this APA are severable. That means that if any provisions are found invalid or unenforceable by a court or arbitrator, it shall not affect the application and enforcement of the rest of this APA. Also, whenever possible and consistent with the objective of this APA to arbitrate all covered claims, any otherwise invalid term should be reformed and enforced by a court or arbitrator.

If a lawsuit is filed prior to arbitration, any action by an Associate or DST related to removal of the lawsuit to federal court and/or remand of the lawsuit to state court (or other filings in court) prior to a motion to compel arbitration shall not be a waiver by either the Associate or DST of any rights under this APA. Also, consistent with the voluntary nature of this APA under the 30-day opt out procedure and DST's respect for the legal rights of Associates, including the right to pursue legal claims, this APA is not intended to interfere with an Associate's rights to collectively bargain, to engage in protected concerted activity, or to exercise other rights protected under the National Labor Relations Act. This includes Associates acting in concert to pursue individual claims under this APA, such as notifying fellow Associates of potential claims, assisting fellow employees in the pursuit of individual claims, and encouraging fellow Associates to pursue individual claims under this APA. An Associate will not be subject to adverse action of any kind for such activities, for opting out or encouraging other Associates to opt out of this APA, or for opposing any provisions of this APA.

THIS ARBITRATION PROGRAM AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY DST AND ASSOCIATES AS A CONTRACT WHICH WAIVES THE RIGHT TO JUDGE OR JURY TRIAL FOR ANY ASSOCIATE WHO DOES NOT PROPERLY OPT OUT IN WRITING WITHIN 30 DAYS AFTER THE ASSOCIATE RECEIVES NOTICE OF AND ACCESS TO THIS ARBITRATION PROGRAM AGREEMENT.

Agreed:

*Stephen C. Hooley*
*Chairman, CEO, and President*

**Effective July 1, 2016**