# EXHIBIT F

| From: | AmieChale@adr.org |
|---|---|
| To: | kbm@hfmlegal.com; ajs@klamannlaw.com; RTADAMS@shb.com; Young, Spencer E; Clayton, Lewis R; rshearer@shb.com; Muscat, Shawn; bcarr@wagblaw.com; Recher, Jeffrey J; Tieman, Matthew W; Hershman, Sara E; ASONGER@shb.com; jelkins@shb.com; scott.hecht@stinson.com; jbk@kbg-law.com; mcargnel@shb.com; dvanthournout@shb.com; bwhite@wagblaw.com; cmp@hfmlegal.com; ted@kapkewillerth.com; jms@hfmlegal.com; Kaye, Joshua D; cbidwell@shb.com; kingebretsen@shb.com; jklamann@klamannlaw.com; mike@kapkewillerth.com; jzager@shb.com; chris.leopold@stinson.com; klemon@shb.com |
| Cc: | dgf@dfreedman.net |
| Subject: | Alice Wright v. DST Systems, Inc. - Case 01-19-0001-9073 |
| Date: | Wednesday, December 2, 2020 7:15:34 PM |
| Attachments: | image2f4a38.PNG<br>AAA Case Closed.pdf<br>Wright v DST Systems - Final Award.pdf<br>Wright v DST Systems - Ruling on Fee Application.pdf |

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.



**AAA Amie Chale**
**Manager of ADR Services**

American Arbitration Association

T: 559 490 1874  F: 855 433 3046  E: AmieChale@adr.org
45 E River Park Place West, Suite 308, Fresno, CA 93720
adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

# EXHIBIT F-1



Western Case Management Center
Patrick Tatum
Vice President
45 E River Park Place West
Suite 308
Fresno, CA 93720
Telephone: (877)528-0880
Fax: (855)433-3046

December 2, 2020

**VIA EMAIL ONLY**

John M. Klamann, Esq.
The Klamann Law Firm
4435 Main Street, Suite 150
Kansas City, MO 64111

Jeffrey J. Recher, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Case Number: 01-19-0001-9073

Alice Wright
-vs-
DST Systems, Inc.

Dear Parties:

By direction of the Arbitrator we herewith transmit to you the duly executed Award in the above matter. This serves as a reminder that there is to be no direct communication with the Arbitrator. All communication shall be directed to the American Arbitration Association (the AAA).

Note that the financial reconciliation reflects costs as they were incurred during the course of the proceeding. Any apportionment of these costs by the arbitrator, per section 39 of the rules, will be addressed in the award and will be stated as one party's obligation to reimburse the other party for costs incurred. Any outstanding balances the parties may have with the AAA for the costs incurred during the arbitration proceedings remain due and payable to the AAA even after the final award is issued, and regardless of the arbitrator's apportionment of these costs between the parties in the award.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

You will receive a survey within the next few weeks. Please take a moment to complete it as we value your opinion and any feedback you may have.

We appreciate the opportunity to assist you in resolving your dispute. As always, please do not hesitate to contact me if you have any questions.

Sincerely,

/s/

Will Coon on behalf of
Amie Chale
Manager of ADR Services
Direct Dial: (559)490-1874
Email: AmieChale@adr.org
Fax: (855)433-3046

Enclosure

cc:    Kenneth B. McClain, Esq.
       Chelsea M. Pierce
       Scott Hecht, Esq.
       Josh D. Kaye
       Shawn Muscat
       Cecilia Bidwell
       Andrew Schermerhorn, Esq.
       Jonathan Soper
       Lewis R. Clayton, Esq.
       Michael S. Cargnel, Esq.
       Rick Shearer, Esq.
       Kathleen Lemon
       Darin J. Van Thournout
       Jeffrey E. Elkins
       William Carr, Esq.
       Spencer Young
       Sara E. Hershman
       Matthew W. Tieman, Esq.
       Ann Songer
       Ted Kapke, Esq.
       Christopher J. Leopold, Esq.
       Mike Fleming, Esq.
       Joshua B. Katz
       Bryan T. White, Esq.
       Robert T. Adams
       S. Kirk Ingebretsen, Esq.
       Jason Zager
       David G. Freedman, Esq.

# EXHIBIT F-2

AMERICAN ARBITRATION ASSOCIATION

EMPLOYMENT ARBITRATION TRIBUNAL

| | |
|---|---|
| ALICE WRIGHT,<br><br>          Claimant,<br><br>v.<br><br>DST SYSTEMS, INC.,<br><br>          Respondent. | CASE NO. 01-19-0001-9073<br><br>**ARBITRATOR'S AWARD** |

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the agreement entered into by the above-named parties and having been duly sworn and having duly heard the proofs and allegations of the parties, and claimant being represented by The Klamann Law Firm, Kapke & Willerth, LLC, Humphrey, Farrington & McClain PC, Kent, Beatty & Gordon, LLP and White Graham Buckley & Carr, LLC, and respondent being represented by Paul, Weiss, Rifkind, Wharton & Garrison LLP, Stinson LLP, and Shook, Hardy & Bacon LLP, hereby AWARD, as follows:

Claimant Alice Wright asserts she is entitled to damages against respondent DST Systems, Inc. based on its breach of duties imposed by the Employee Retirement Income Security Act of 1974. Respondent denies the claims.

The parties agreed that this arbitration is governed by their written arbitration agreement and the AAA Employment Arbitration Rules and selected the undersigned as Arbitrator. The parties appeared for an evidentiary hearing on September 28 through October 2, 2020 and were afforded the opportunity to introduce relevant evidence and examine and cross-examine witnesses under oath. The matter was submitted for award on November 12, 2020 upon receipt

1

of the parties' closing briefs, claimant's application for attorney's fees and costs, and respondent's opposition to the application. The parties agreed and requested that the award be in the form below and not provide written reasons.

I have found that the preponderance of the evidence supports the claims asserted by claimant and that claimant is entitled to the reasonable attorney's fees and costs described in my ruling on claimant's application.

## AWARD

Claimant is awarded compensatory damages of $8,664.00 minus a credit of $1,507.16 for the settlement between claimant and Ruane, Cunniff & Goldfarb, and reasonable attorney's fees of $98,871.04 and costs of $5,319.70, for a total award of $111,347.58.

The administrative fees and expenses of the American Arbitration Association totaling $3,425.00 and the compensation and expenses of the arbitrator totaling $34,360.00 shall be borne as incurred.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

Date: November 24, 2020

David G. Freedman
Arbitrator

# EXHIBIT F-3

# AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| ALICE WRIGHT,<br><br>        Claimant,<br><br>v.<br><br>DST SYSTEMS, INC.,<br><br>        Respondent. | CASE NO. 01-19-0001-9073<br><br>**RULING ON CLAIMANT'S APPLICATION FOR ATTORNEY'S FEES AND COSTS** |

Claimant has applied for an award of attorney's fees and costs. Respondent has opposed the application. I have read and considered the submissions. Having determined that claimant is the prevailing party, I make the following ruling on claimant's application.

Claimant and respondent commenced this arbitration by filing a joint submission on May 20, 2019. The submission included a statement of various claims for breach of duties imposed by the Employee Retirement Income Security Act of 1974. The evidentiary hearing of claimant's case and six others were conducted concurrently over five days. The parties presented extensive documentary evidence, testimony by percipient and expert witnesses, and post hearing briefs.

I have issued a damage award in favor of claimant based on my finding that respondent breached its duties to act prudently, to ensure appropriate diversification of the assets of the profit-sharing plan, and to monitor the investment manager of the assets. Claimant presented clear and convincing proof of her claims. Thus, I find it appropriate to award attorney's fees and costs to claimant under 29 U.S.C. § 1132 (g)(1) which states "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

1

According to the evidence submitted with her application, claimant retained her attorneys on July 28, 2018. Her attorneys also represent 495 other participants in the DST 401(k) Profit Sharing Plan who have asserted similar individual arbitration demands.

Claimant seeks an award of attorney's fees of $52,695.50 for the services specific to claimant, $76,704.60 for a share of the services provided for the benefit all the claimants her attorneys represent, $19,827.79 for out-of-pocket expenses, and $5,319.70 for costs. Respondent asserts the fees are unreasonable and the maximum fee award should be 40% of the damages awarded to claimant because that is what her fee agreement provides.

Claimant's application for $52,695.50 for the legal services specific to her is based on the lodestar method. Respondent recognizes that the lodestar method is valid but asserts it is inappropriate here because claimant entered a 40% contingency fee agreement with her attorneys and an award using this formula is consistent with the percentage of the benefit method also approved by courts in the Eighth Circuit. I disagree.

Respondent's primary argument for limiting fees to 40% of the award is that claimant's counsel argued for the percentage of the benefit approach in other arbitrations and court cases involving respondent and it is the fee specified in her agreement with her attorneys. As respondent recognizes in its opposition, both the percentage of the benefit approach and the lodestar method are proper under the law and I do not find the basis for fee applications in other cases to be relevant here. Respondent has not presented any facts or law demonstrating that fee applications by other claimants constitute a waiver, estoppel, or other bar to prevent claimant or her lawyers from seeking a fee based on the lodestar method and I decline to make such a finding. Respondent also has not cited any authorities or persuasive reasons to support its contention that the fee award must comport with claimant's contingency fee agreement with her

lawyers. I find that a percentage of the benefit approach would yield an unreasonable and inadequate fee due to the nature of the case and the work required to prosecute it.

Claimant has provided a 7-page document that itemizes the legal services performed that were specific to her case and affidavits supporting the hourly rates for the attorneys performing the services. I find the description of services and time entries are adequate and the hourly rates are reasonable. Therefore, using the lodestar method, I conclude that $52,695.50 is a reasonable fee for the legal services specific to claimant's case.

In addition to the attorney time specific to claimant, claimant's counsel state they spent a total of 10,667.16 hours on work that benefitted all the arbitration claimants they represent, which yields a lodestar of $7,670,460. Claimant seeks a fee award equal to 1% of this amount based on her contention that she benefitted from this work.

To support the lodestar calculation, claimant has provided a 192-page document that itemizes the 10,667.16 hours. I have reviewed each billing entry in the document and find numerous problems that prevent a finding that the lodestar and the 1% request are reasonable. Among the problems are the following:

- The billing entries of many timekeepers describe services performed before claimant retained her attorneys in July 2018. Some of those entries are in 2016 and 2017. Claimant has not shown or described how those services benefitted her case.

- The billing entries of many timekeepers describe services related to litigation or matters seemingly unrelated to claimant and which do not appear to have conferred a benefit related to her claims against respondent. Examples include

but are not limited to entries about services that appear related to litigation with Ruane and the settlement with Ruane, conferences with other claimants. class certification motions, and other court proceedings. Claimant has not shown how the many entries like these reflect services that benefitted her case or would have been required on her case alone.

- There are scores of vague entries from which it is impossible to discern a direct benefit to claimant's case. Some of many examples: "Research; review and research motions; telephone conference with team;" "Review case materials; telephone conferences; prepare distribution materials;" "Conduct case management."

- There are scores of entries that appear duplicative or redundant and numerous entries with identical vague descriptions and amounts of time.

These and other billing inadequacies make it impossible to evaluate how many of the 10,667.16 hours and associated charges were necessary and reasonable and the extent to which they benefitted claimant's case and to find 1% or any other percentage would be reasonable and appropriate to award claimant.

However, I believe it is logical to find that some of the services must have benefited claimant's case, for example work related to fact investigation and legal analysis, discovery, document review, experts, hearing preparation and briefing. The evidence presented at the evidentiary hearing bears this out because identical documents, witnesses and legal arguments were presented in the concurrent hearings and apparently in earlier concurrent hearings of other claimants. Fairness requires that this be recognized in the fee award. While I am unable to find that a specific percentage of the group hours is a reasonable amount of time to award in this case,

I do believe adding 50% of the $52,695.50 fee for the legal services specific to claimant is fair and reasonable taking into account all the circumstances. Therefore, I will add $26,347.75 to the fee award.

Claimant requests that the fee award include $19,827.79 of reasonable out-of-pocket expenses. Claimant's fee application states that most of these are "common expenses incurred on behalf of all Plaintiffs" and that "In the event any of these common expenses are awarded on more than one Fee Application, a deduction will be applied to offset." Respondent does not dispute that a fee award may include reasonable out-of-pocket expenses and does not challenge the reasonableness of claimant's request. The expenses are allowed, making the total fee award $98,871.04.[1]

Claimant seeks an award of $5,319.70 for costs. Respondent does not challenge the reasonableness of claimant's request. The costs are allowed.

For the reasons set forth above, claimant is awarded attorney's fees of $98,871.04 and costs of $5,319.70.

Date: November 24, 2020

David G. Freedman
Arbitrator

---

[1] $52,695.50 + $26,347.75 + $19,827.79 = $98,871.04